UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FANNIE MAE, a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARQUITA CORDOVA and ROBERT GRIFFIS,<br><br>Defendants. | Case No. 14-cv-04377 NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>Dkt. No. 5 |

Plaintiff Fannie Mae moves to remand this unlawful detainer action back to state court. The federal court is a court of limited jurisdiction and defendants have not established that their removal to federal court was proper. The unopposed motion is therefore granted and this case is remanded to Contra Costa County Superior Court.

**PROCEDURAL BACKGROUND**

Plaintiff Fannie Mae commenced this unlawful detainer action against pro se defendants Marquita Cordova and Robert Griffis on July 21, 2014, in Contra Costa County Superior Court. Defendants filed a notice of removal to federal court on September 29,

Case No. 14-cv-04377 NC
ORDER GRANTING REMAND

2014.  Dkt. No. 1.  Fannie Mae moved to remand on October 29, 2014.  Dkt. No. 5. Defendants have not opposed the remand motion.

All parties have consented to the jurisdiction of a U.S. magistrate judge under 28 U.S.C. § 636(c).  Dkt. Nos. 4, 12.

## GENERAL STANDARDS FOR REMOVAL AND REMAND

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a). Removal is generally based on the existence of either federal question jurisdiction or diversity jurisdiction.  Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a).  A defendant seeking removal must file in the appropriate United States district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action.  28 U.S.C. § 1446.

As to timing, the notice of removal must be filed within the shorter time period of either: (a) within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief; or (b) within 30 days after the service of summons upon the defendant if the initial pleading has been filed in court.  28 U.S.C. § 1446(b)(1).

If at any time after removal it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded back to state court.  28 U.S.C. § 1447(c).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper, by at least a preponderance of the evidence. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d

at 566.  Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal.  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

## ANALYSIS

In this case, the defendants' notice of removal to federal court was defective because it was filed late and did not establish federal subject matter jurisdiction.

First, the face of the removal notice showed that it was filed September 29, 2014, which was more than 30 days after August 12, 2014, when defendants  received a copy of the initial pleading setting forth the claim for relief.  28 U.S.C. § 1446(b)(1); Dkt. No. 5 at 5 (establishing service of complaint and summons).

Second, the removal notice did not establish federal subject matter jurisdiction.  There was no federal question alleged.  As to diversity of citizenship, the removal notice alleged that defendants were residents of California and that plaintiff was a corporation doing business in California.  Dkt. No. 1 ¶¶ 5, 6.

Because defendants did not establish subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c).

Finally, an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" 28 U.S.C. § 1447(c).  Here, plaintiff incurred attorneys' fees as a result of the improper removal.  But as defendants are pro se and did not oppose the motion to remand, the Court determines that an award of costs and expenses is not in the interest of a just, speedy, and inexpensive determination of this action.  Fed. R. Civ. P. 1.  Plaintiff's request for reimbursement of its expenses is therefore denied.

///

**CONCLUSION**

The motion to remand is granted and this action is ordered remanded to the California Superior Court, Contra Costa County. This order is not reviewable on appeal. 28 U.S.C. § 1447(d). The clerk of court must mail a certified copy of this order to the clerk of the Contra Costa County Superior Court. 28 U.S.C. § 1447(c).

The hearing scheduled for December 10, 2014, is vacated and the federal action is closed.

IT IS SO ORDERED.

Date: December 8, 2014

Nathanael M. Cousins
United States Magistrate Judge